■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL WINSLOW, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Schenectady County, rendered May 26, 1969, which resentenced defendant, upon pleas of guilty, to a term of not less than 7½ years nor more than 15 years for the crime of burglary in the third degree and suspended sentence for the crimes of grand larceny in the second degree and of violating subdivision 2 of section 1897 of the Penal Law. On August 15, 1967 the same Judge sentenced defendant, as a third felony offender, to a term of not less than 5 years nor more than 7½ years for burglary in the third degree and suspended sentence for said other crimes. Defendant instituted a *coram nobis* proceeding, based on counsel's failure to advise him of his right to appeal under section 517 of the Code of Criminal Procedure (31 A D 2d 561), which resulted in an order vacating the judgment of conviction and directing resentence. On resentence, the Judge prefaced his remarks by referring to " your plea of Guilty to Burglary in the Third Degree and upon your admission of your previous two felonies and because of your previous record." When counsel protested the increased term, the court remarked, " I said because of the record and because

of the crime committed, I stated a reason why the sentence was greater than that of 1967." A Judge is not precluded constitutionally from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first sentence adduced at a second trial, from a new presentence investigation, from defendant's prison record or possibly from other sources (*North Carolina* v. *Pearce*, 395 U. S. 711, 723). In order to assure the absence of vindictiveness against a defendant for having successfully attacked his first conviction, whenever a Judge imposes a more severe sentence upon a defendant after a new trial or upon resentence, the reasons, based on objective information concerning identifiable conduct on the part of defendant occurring after the time of the original sentence, must appear affirmatively and the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal (*North Carolina* v. *Pearce, supra,* pp. 725–726; cf. *People* v. *Fink,* 27 A D 2d 893). Here, defendant had admitted the conviction of the two previous felonies on the first sentence and the complete absence of reasons and factual data in the record of the second sentence makes a review of this substantially increased punishment impossible. Judgment reversed, on the law, to the extent of vacating the resentence imposed on May 26, 1969 and remitting the case to the County Court of Schenectady County for the purpose of resentence. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.